_____

No. 96-2079MN
_____

United States of America,      *
                               *
            Appellee,          *    Appeal from the United States
                               *    District Court for the District
      v.                       *    of Minnesota.
                               *
Shon Michael Pierson,          *
                               *
            Appellant.         *
                            _____

                Submitted:  October 25, 1996

                  Filed:  November 27, 1996
                            _____

Before McMILLIAN, FAGG, and BEAM, Circuit Judges.
                            _____


FAGG, Circuit Judge.


     In December 1994, several police officers executed a search warrant at Shon Michael Pierson's home.  As the officers began searching his home, Pierson told them there was some marijuana in the basement.  In making their search, the officers discovered two handguns and sizeable quantities of marijuana and cocaine.  Pierson was then placed under arrest.  One day later at the local jail, Pierson made some incriminating statements about the handguns and cocaine to one of the arresting officers.  The Government charged Pierson with being a felon in possession of a firearm, with possession of marijuana with intent to distribute, and with possession of cocaine with intent to distribute.  Following a jury trial, Pierson was convicted on all of the charges.  Pierson appeals, and we affirm.

     Pierson contends the district court improperly permitted the Government to introduce his incriminating statements about the

handguns and cocaine.  The district court had suppressed these statements based on the arresting officer's failure to honor Pierson's right to remain silent.  During the cross-examination of the officer who elicited the incriminating statements, however, Pierson's counsel asked several questions the officer could not fairly answer without referring to Pierson's suppressed statements.  In so doing, counsel left the jury with the false impression that Pierson had always denied any involvement with the handguns and the cocaine.  Like the district court, we believe the misleading cross-examination opened the door to the Government's limited use of the suppressed evidence to bring out Pierson's complete statements about the handguns and the cocaine.  See United States v. Johnson, 502 F.2d 1373, 1376 (7th Cir. 1974).  Thus, the district court did not abuse its discretion when it let the Government clear up the false impression created by defense counsel's cross-examination.  See id.; see also Harris v. New York, 401 U.S. 222, 225-26 (1971) (defendant who testifies falsely may be impeached with suppressed statements).

Pierson also contends the district court improperly admitted evidence about a cocaine transaction that took place about two years before the current offense.  Contrary to Pierson's view, Pierson's cocaine transactions were sufficiently similar in kind and close in time that we cannot say the district court abused its discretion when it admitted the challenged evidence.  See United States v. Huff, 959 F.2d 731, 737 (8th Cir. 1992).

We affirm Pierson's convictions.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.